**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
In Admiralty**

**Case No.:**

ACCELERANT SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.

HENRI TOLBERT,

    Defendant.                       /

**COMPLAINT**

Plaintiff, ACCELERANT SPECIALTY INSURANCE COMPANY ("Accelerant"), hereby sues the Defendant, HENRI TOLBERT ("Tolbert" or "Defendant"), and, in support thereof, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Plaintiff designates this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a marine insurance contract. Plaintiff invokes the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the Defendant is a resident of this district within the meaning of 28 U.S.C. § 1391(c)(1) and because the Policy at issue provides that disputes arising thereunder be heard in "the Federal District court within which You the Assured resides or

the Federal District court within which your insurance agent resides." Because the Defendant's address on the Policy is listed as being in Miami-Dade County, Florida, venue is proper in this District.

4.  All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

5.  Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6.  At all times material to this action, Accelerant is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

7.  At all times material to this action, Accelerant was subject to service of process in the State of New York.

8.  At all times material to this action, Tolbert was an individual residing in the State of Florida. Furthermore, he is subject to personal jurisdiction in Florida by virtue of the forum-selection clause in the Policy and by contracting to insure a risk located in Florida at the time of contracting. § 48.193(1)(a)(4.), Fla. Stat.

## FACTUAL ALLEGATIONS

9.  This action arises out of an incident that occurred on January 18, 2023, at the Williams Island Marina in Aventura (the "Marina") where Tolbert's 2001 53' Carver with hull identification no. CDRK22581001 (the "Vessel") collided with five other Vessels after the

electronic controls for the engine failed to respond and Tolbert was unable to take the Vessel out of forward gear (the "Incident").

10. Following the Incident, Tolbert found that the port strut was broken, with the remnants hanging free on the shaft, which had caused water from around the port strut palm mounting bed and bolts to spray into the engine room.

11. Accelerant issued a private pleasure yacht insurance policy to Henri Tolbert, policy no. CSRYP/216452, with effective dates of August 12, 2022, to August 12, 2023 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit "A"** and is fully incorporated herein.

12. The Policy provides, *inter alia*, $390,000 in hull coverage, subject to a $39,000 deductible, along with $300,000 in Third-Party Liability coverage with a $500 deductible.

13. The Policy also provides, in relevant part, as follows:

> **3. Coverage A, Hull, Machinery, Equipment and Dinghy**
>
> If a sum insured is shown for Section A of the Insuring Agreement Declaration Page, We provide coverage for accidental physical loss of or damage to the Scheduled Vessel which occurs during the period of this Insuring Agreement and within the limits set out in the Insuring Agreement Declaration Page, subject to the Insuring Agreement provisions, conditions, warranties, Deductibles and exclusions.
>
> **Exclusions to Coverage A**
>
> Unless specifically agreed by Us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this Insuring Agreement:
>
> ii. Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.
>
> \*   \*   \*
>
> **9. General Conditions & Warranties**
>
> iii. This Insuring Agreement incorporates in full Your application for insurance and together with any endorsements issued herein, constitutes the

3

entire contract between You and Us. At Your request, various provisions of this Insuring Agreement may be varied by Us but only by Our prior written agreement.

xi.     If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that:

a. All fire extinguishing equipment is properly installed and is maintained in good working order.

b. All fire extinguishing equipment is tagged and certified annually or in accordance with the manufacturer's recommendations, whichever is more frequent.

c. The tanks of such equipment are weighed annually or in accordance with the manufacturer's recommendations, whichever is more frequent.

d. The tanks are recharged as necessary.

For purposes of complying with this warranty, all installation, maintenance, certification, tagging, weighing, and recharging must be conducted by a duly licensed and qualified individual whose principal business is the installation, maintenance, certification, tagging, weighing, and recharging of such systems. Such individual may not be the insured, a Covered Person or any named operator, unless expressly approved by us in writing.

xiii.    This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to Our acceptance or continuance of this insurance. No action or inaction by Us shall be deemed a waiver of this provision.

xx.    Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this Insuring Agreement from inception, it is hereby agreed that any such breach will void this Insuring Agreement from inception.

*       *       *       *       *

14.     Tolbert has sought coverage for the Incident under the Policy.

## **COUNT I – BREACH OF FIRE SUPPRESSION WARRANTY**

15. Accelerant reasserts and realleges the allegations contained in paragraphs 1-14 above as if fully set forth herein.

16. The Policy warrants that "If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that: (a) all fire extinguishing equipment is properly installed and is maintained in good working order; (b) all fire extinguishing equipment is tagged and certified annually or in accordance with the manufacturer's recommendations, whichever is more frequent; (c) the tanks of such equipment are weighed annually or in accordance with the manufacturer's recommendations, whichever is more frequent; and (d) the tanks are recharged as necessary."

17. The Policy further warrants that "all installation, maintenance, certification, tagging, weighing, and recharging must be conducted by a duly licensed and qualified individual whose principal business is the installation, maintenance, certification, tagging, weighing, and recharging of such systems. Such individual may not be the insured, a Covered Person or any named operator, unless expressly approved by us in writing."

18. Pursuant to General Condition xx. any breach of warranty operates to void the Policy from its inception.

19. The Policy's choice-of-law clause provides that "any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York."

20. Under the law of New York, which governs the Policy in the absence of entrenched federal maritime law, express warranties in marine insurance policies are strictly enforced, and a breach thereof voids coverage irrespective of any causal relation to the loss.

21. At the time of the loss, the Vessel was fitted with fire extinguishing equipment.

22. At the time of the loss, the Vessel's fixed fire suppression system had not been weighed, certified or tagged within the prior year.

23. At the time of the loss, the annual inspection tag on the fixed fire suppression system was dated December 2013.

24. As a result, the Policy's Fire Suppression Warranty was violated, and pursuant to General Condition xx., the Policy is void from its inception.

WHEREFORE, the Accelerant respectfully requests judgment in its favor that Tolbert violated the Fire Suppression Warranty of the Policy, such that there is no coverage for the subject loss and the Policy is void from its inception. Accelerant further requests any further relief that the Court deems just and appropriate under the circumstances.

## COUNT II – UBERRIMAE FIDEI

25. Accelerant realleges and reincorporates the allegations of paragraphs 1-14 and 21-23 above as if fully set forth herein.

26. For hundreds of years, policies of marine insurance have been subject to the well-entrenched doctrine of *uberrimae fidei*—the duty of utmost good faith.

27. This duty requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of insurance risk.

28. This duty extends even to material facts that are not specifically inquired into by the insurer.

29. The Policy, as one of marine insurance—and pursuant to the terms of its choice-of-law provision—is governed by the principle of *uberrimae fidei*.

30. In conjunction with the application for insurance, Tolbert also submitted a pre-purchase survey conducted by Mark Wilson dated August 2, 2022 (the "Survey"). A copy of the Survey is attached hereto as **Exhibit "B**."

31. The Survey noted multiple deficiencies including six (6) "First Priority/Safety and Compliance Findings" and sixteen (16) "Secondary Priority/Findings Requiring Timely Attention."

32. One of the First Priority findings was the expired fixed fire suppression system, with a recommendation to inspect and re-certify the system to comply with U.S. Coast Guard requirements.

33. One of the Secondary Priority findings was substandard sealing around the port side strut, with a recommendation to "monitor or diagnose root cause [and] service as needed [according to] IAW standard marine practices."

34. In conjunction with the insurance application and the Survey, Tolbert also submitted a Letter of Compliance (the "LOC") certifying that "all recommendations pertaining to the above vessel contained within the detailed survey submitted herein, have been complied with, other than those listed below[.]" No exceptions were noted. A copy of the LOC is attached hereto as **Exhibit "C**."

35. The fire suppression system was not inspected or re-certified as recommended by the Survey and certified in the LOC.

36. The port side strut was not sealed or serviced according to standard marine practices as recommended by the Survey and certified in the LOC.

37. Multiple other deficiencies were not corrected as recommended by the Survey and certified in the LOC.

38. Tolbert's representations were false, and Tolbert has, thus far, failed to provide documentation that all such survey recommendations were complied with.

39. Furthermore, Tolbert failed to disclose that he had not had his fire suppression system weighed, recertified/retagged, or recharged.

40. In addition, Tolbert represented in his application for insurance signed August 8, 2022 (the "Application"), that no one would reside aboard the Vessel. A copy of the Application is attached hereto as **Exhibit "D."**

41. Tolbert further reaffirmed this representation in a December 15, 2022, email from Tolbert's insurance agent requesting a change of mailing address to the Marina which stated: "We have confirmed they are not living aboard the vessel, but this is where their mail will be going." A copy of the email is attached hereto as **Exhibit "E."**

42. Tolbert's representation was false as he was, in fact, living aboard the Vessel.

43. Accelerant would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had Accelerant known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

44. Therefore, Tolbert breached the duty of *uberrimae fidei*, rendering the Policy void from its inception, and there is no coverage for any claims arising thereunder.

WHEREFORE, Accelerant respectfully requests judgment in its favor that Tolbert violated the doctrine of *uberrimae fidei*, such that there is no coverage for the subject loss and the Policy is

void from its inception. Accelerant further requests any further relief that the Court deems just and appropriate under the circumstances.

### COUNT III – BREACH OF GENERAL CONDITION xiii.

45. Accelerant realleges and reincorporates the allegations of paragraphs 1-14, 21-23, and 30-42 above as if fully set forth herein.

46. General Condition xiii. of the Policy states that "This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to Our acceptance or continuance of this insurance. No action or inaction by Us shall be deemed a waiver of this provision."

47. Accelerant would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had Accelerant known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

48. Therefore, Tolbert breached General Condition xiii. of the Policy, rendering the Policy void from its inception; and there is no coverage for any claims arising thereunder.

WHEREFORE, Accelerant respectfully requests judgment in its favor that Tolbert violated General Condition xiii. such that there is no coverage for the subject loss and the Policy is void from its inception. Accelerant further requests any further relief that the Court deems just and appropriate under the circumstances.

Dated: March 28, 2023.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Accelerant*
12 Southeast 7th Street, Suite 601
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400

9

By: *Charles S. Davant*
Charles S. Davant
Florida Bar No. 15178
csd@davantlaw.com
Aaron M. Dmiszewicki
Florida Bar No. 111455
amd@davantlaw.com
Christina R. Coizeau
Florida Bar No. 1029105
crc@davantlaw.com